**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

SOUTHERN BANK &
TRUST COMPANY,

            Plaintiff,

v.                                ACTION NO. 2:14cv272

AMBIKA CONDO, LLC,
ASHOK DHABUWALA,
SANJAY R. GANDHI,
AND DHARMESH K. SHAD

            Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter remains before the court on the plaintiff's Motion for Summary Judgment, (ECF No. 22), which was referred to the undersigned United States Magistrate Judge for recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. In support of its motion, the plaintiff submitted a statement of facts stipulated to by the parties, on which it argued it was entitled to judgment. (ECF No. 23-1). In addition, the plaintiff submitted the affidavit of its president averring that defendants owe $2,326,025.82 in principal and interest under a promissory note and three personal guaranties. (ECF No. 23-2, at 4).

The defendants previously opposed the motion and requested that the court defer ruling, pending additional discovery, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

After reviewing the plaintiff's opposition, the court granted the defendants' request for time to complete discovery and directed the defendants to file supplemental briefing if they contested liability and/or the plaintiff's figure for damages. (ECF No. 28).   On January 12, 2015, the defendants timely responded: "[h]aving reviewed the documents provided by Plaintiff, Defendants now file this pleading to state that they have no opposition to Plaintiff's Motion for Summary Judgment." (ECF No. 29, at 2).

Rule 56 requires the court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   Here, the defendants do not oppose the plaintiff's motion.   The plaintiff has supported its motion by citing to particular parts of materials in the record. See Fed. R. Civ. P. 56(c)(1)(A); Pl.'s Br. (ECF No. 23, at 2-7) (citing Stipulation of Facts, ECF No. 23-1, Decl. of James C. Hill, ECF No. 23-2.).   Those items in the record establish that on November 20, 2006, Ambika Condo executed a Promissory Note in the original principal amount of $3,000,000 in favor of Bank of the Commonwealth.   Stipulation of Facts ¶ 5(ECF No. 23-1, at 3). Bank of the Commonwealth no longer exists, was placed into receivership, and closed by regulatory authorities on September 22, 2011.   Id. ¶ 8 (ECF No. 23-1, at 3).   Following Bank of the

2

Commonwealth's failure and receivership, plaintiff Southern Bank purchased and succeeded to Bank of the Commonwealth's interest in the loan to Ambika Condo, including but not limited to the promissory note, all guaranties, and other documents relating to the loan. Id. ¶ 9 (ECF No. 23-1, at 3). Southern is the present holder of the note. Id. ¶ 10 (ECF No. 23-1, at 3). Ambika Condo has failed to make payment as required by the note and later forbearance agreements with the defendants. Id. ¶ 19 (ECF No. 23-1, at 4). Shah, Gandhi, and Dhabuwala each executed a commercial guaranty to guarantee Ambika Condo's indebtedness under the promissory note. Id. ¶¶ 20, 26, 30 (ECF No. 23-1, at 5-6). Southern is the present holder of all three guaranties. Id. ¶¶ 21, 27, 31 (ECF No. 23-1, at 5-6). Despite demand, Ambika Condo, Shah, Gandhi, and Dhabuwala have failed to make payment as required by the note and guaranties. Id. ¶¶ 24, 29, 34 (ECF No. 23-1, at 5-6).

Based on the parties' stipulation, a portion of which is reviewed above, there is no genuine dispute as to any material fact. Moreover, the plaintiff has demonstrated that it is entitled to judgment as a matter of law based on the admitted default of a note executed by defendant Ambika Condo, LLC, and guaranteed by defendants Ashok Dhabuwala, Sanjay R. Gandhi, and Dharmesh K. Shah.

3

Therefore, the undersigned RECOMMENDS that the court GRANT the plaintiff's motion for summary judgment and enter judgment against all defendants jointly and severally for the principal balance of $1,462,955.21, interest through November 7, 2014 in the amount of $863,070.61, plus interest accruing at $507.69 per diem thereafter, and costs. The undersigned further RECOMMENDS that the court GRANT the plaintiff fourteen days after entry of judgment to file a motion for attorney's fees, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of filing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth

4

above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                    /s/
                              Douglas E. Miller
                              United States Magistrate Judge
                              _____

                              DOUGLAS E. MILLER
                              UNITED STATES MAGISTRATE JUDGE

January 26, 2015